```
                                                                    O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAMELA GRIMM, | ) | CASE NO. ED CV 08-00800 (RZ) |
|                Plaintiff, | ) ) | |
|      vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
|                Defendant. | ) ) | |

        Plaintiff Pamela Grimm, forty-four years old when she filed her application for Supplemental Security Income, seeks review of the Commissioner's decision determining that she was not disabled. She does not challenge the decision insofar as it found no disabling physical impairment. She does, however, assert that the Administrative Law Judge erred in evaluating her mental impairments' impact on her ability to work. The Court does not agree.

        Plaintiff asserts that the Administrative Law Judge did not properly consider the assessment of the consultant, who placed an "x" in boxes on a Social Security form, indicating that Plaintiff had "moderate" limitations in three categories: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace

without an unreasonable number and length of rest periods." [AR 137-38]  The Administrative Law Judge assessed Plaintiff as having a residual functional capacity "of performing simple and repetitive tasks" [AR 14], so the fact that Plaintiff might have moderate limitations with respect to detailed instructions is not at issue.  Plaintiff asserts, however, that the Administrative Law Judge did not take into consideration the fact that the consultant considered that she had moderate limitations with respect to the ability to complete a normal work schedule without interruptions and without an unreasonable number of absences.

To support her claim in this Court, Plaintiff points to testimony by the vocational expert who said that a person with this moderate limitation would have the job base completely eroded.  (Plaintiff's Memorandum in Support of Complaint at 3:13, *citing to* AR 233-34)  There was, however, an important qualification.  The hypothetical question to which the vocational expert responded included an assumption:

> Now I want you to assume for the purposes of this question that a moderate limitation is significant, and is observable upon casual observation by supervisors and peers.  Further assume that this significant limitations will continue day after day, week after week.

[AR 234]  In other words, the answer that the vocational expert gave, that the job base would be completely eroded, rested on the assumption that a person like Plaintiff would, "day after day, week after week," have interruptions to her work and an unreasonable number and length of rest periods or absences.  Given the assumptions, the conclusion is unremarkable.

However, the assumptions have no basis in fact or case law.  Neither side provides a statutory or regulatory definition of "moderate," but the common definition implies a limitation that can be accommodated.  When used in the regulations, "moderate"

limitations are less restrictive than "marked" limitations, *see*, *e.g.*, 20 C.F.R. Part 404, Subpart P, Appendix I at 12.00 (C), and the consultant did not identify any areas in which Plaintiff had marked limitations. Certainly there are cases where, despite a moderate limitation on the ability to perform, the applicant was not disabled. *See, e.g. Lewis v. Barnhart*, 353 F.3d 642, 647-48 (8th Cir. 2003) (claimant could return to past relevant work of assembler although moderately impaired in ability to understand, remember and carry out detailed instructions and maintain attention and concentration for long periods of time.) An Administrative Law Judge may reject restrictions in a hypothetical question if those restrictions are not backed by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2000), *citing Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

Thus, the Administrative Law Judge did not err by not making more out of the moderate limitation on the ability to adhere to work schedules, and also did not err in his hypothetical questions to the vocational expert. Nor was there a need to develop the record further with respect to these matters. There was no sufficient ambiguity present to call for further development. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001), *citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff's remaining argument is that the Administrative Law Judge failed to consider the treating psychiatrist's opinion, as encapsulated in his rating of 45 on the Global Assessment of Functioning Scale found in the American Psychiatric Association's DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (FOURTH EDITION). An Administrative Law Judge is not required to discuss every piece of evidence in the record. *Howard v. Barnhart*, 344 F.3d 1006, 1012 (9th Cir. 2003). The GAF is a summary number, recorded on the fifth axis of a multiaxial assessment, and the number cannot be made to do too much. *Howard v. Commissioner of Social Security*, 276 F.3d 235 (6th Cir. 2002). The Administrative Law Judge fully evaluated Plaintiff's impairments. He identified the mental impairment, schizoaffective disorder, which the psychiatrist had diagnosed [AR 14, 184], and noted various facts about her condition, including reports that

1  the medications appeared to be helpful, but that Plaintiff missed numerous medical
2  appointments and often had been non-compliant with her medication regimen. [AR 16]
3  Under these circumstances, addressing the summary number of the GAF, which would
4  have involved a fair amount of speculation, was not necessary.
5      In accordance with the foregoing, the decision of the Commissioner is
6  affirmed.

8      DATED: April 6, 2009

         _____
         RALPH ZAREFSKY
         UNITED STATES MAGISTRATE JUDGE